UNITED STATES DISTRICT COURT
DISTRICT OF MAINE

| | |
|---|---|
| RUSSELL STEPHEN THOMAS, | ) |
| | ) |
|     Movant, | ) |
| | ) |
| v. | ) Civil No. 9-58-P-S |
| | ) Crim. No. 4-67-P-S |
| UNITED STATES OF AMERICA, | ) |
| | ) |
|     Respondent | ) |

**RECOMMENDED DECISION ON 28 U.S.C. § 2255 MOTION**

After an initial 28 U.S.C. § 2255 motion resulted in the reinstatement of his right to direct appeal, Russell Stephen Thomas has returned to this court with a new 28 U.S.C. § 2255 motion with two grounds.  First, Thomas claims that he does not qualify as a career offender because the First Circuit concluded in United States v. Giggey, 551 F.3d 27 (1st Cir. 2008) that a "prior conviction for burglary not of a dwelling is not per se a 'crime of violence.'";  rather, it held, the question of "whether a prior conviction for non-residential burglary is a 'crime of violence' turns on the application of a categorical approach under § 4B1.2(a)(2)'s residual clause."  Id. at 28 -29.  Giggey reversed course, deciding not to follow the First Circuit's previously controlling precedents, United States v. Sawyer, 144 F.3d 191 (1st Cir. 1998) and United States v. Fiore, 983 F.2d 1 (1st Cir. 1992).  Id.  Over defense counsel's objection, Thomas was sentenced by this Court as a career offender following this now abrogated First Circuit precedent.  Thomas's second 28 U.S.C. § 2255 ground is tethered to his first, in that, if he were entitled to have his career offender status favorably reevaluated under Giggey, then he would also be eligible for a

two-level reduction under the crack cocaine sentencing guidelines amendment.[1] Although chagrinned by the paradigm that a defendant who urged this Court and the First Circuit to adopt an approach to § 4B1.2(a)(2) that was ultimately (although, for Thomas, belatedly) embraced by the First Circuit, I have no choice but recommend that the Court deny Thomas § 2255 relief for the reasons that follow.

## DISCUSSION

*Background*

Thomas was indicted on May 26, 2004, on two charges of distributing cocaine. He pled guilty. Subsequently, the pre-sentence investigation report listed two prior burglary convictions: one for entry into a commercial establishment and the other for a commercial and residential hybrid burglary conviction. (PSI ¶¶ 27 & 32.) The only issue contested at sentencing was whether Thomas qualified as a career offender ala U.S.S.G. § 4B1.1 based on Thomas's argument that the burglary of the commercial establishment did not count as a career offender predicate. Defense counsel highlighted the circuit split on the question. Agreeing with the United States that it should follow the First Circuit's Fiore (Sentencing Tr. at 5-6), this Court sentenced Thomas to 151-months. Judgment entered on January 11, 2005.

Over sixteen months passed. On May 18, 2006, Thomas filed a 28 U.S.C. § 2255 motion. He raised one claim: Thomas had asked his attorney to file an appeal of the career offender sentence, his attorney indicated he would, but his attorney never did. (Civ. No. 06-97-B-S, Doc. No. 1 at 5.) An affidavit by Thomas's attorney reflected that he had promised to file the appeal but inadvertently failed to do so. (Id. at Doc. No. 2.) The United States filed a

---

[1] In his criminal case Thomas moved for a reduction of his sentence pursuant to 18 U.S.C. § 3582(c)(2). On March 4, 2008, this court denied that motion because Thomas's career offender finding determined his offense level under the Guidelines and, so, his sentence was not a product of the calculation of crack cocaine quantity. (Crim. No. 04-67-B-S, Doc. No. 56.)

2

response captioned: "GOVERNMENT'S CONSENT TO GRANTING MOTION TO VACATE, SET ASIDE OR CORRECT FOR THE PURPOSE OF PERMITTING DIRECT APEAL TO BE REINSTATED."  (Id. Doc. No. 4 at 1.)[2]  On July 21, 2006, this Court entered an order acknowledging the United States' consent and granting the motion.  (Id. Doc. No. 5 at 1.)

In his re-instated appeal Thomas reasserted his claim that his career offender sentence was incorrect because it was predicated on the commercial burglary.  The First Circuit ruled:

> Appellant challenges his designation as a career offender, a designation that had a significant impact on his advisory sentencing guideline range. He argues that his prior Maine state conviction for burglary of a non-dwelling should not have been counted as a predicate offense under advisory United States Sentencing Guidelines ? [sic][§] 4B1.2(a). As the district court recognized, United States v. Fiore, 983 F.2d 1, 4 (1st Cir. 1992), held to the contrary and this court has not deviated from that holding. Neither our decision in United States v. Peterson, 233 F.3d 101 (1st Cir. 2000), discussing burglary under the Armed Career Criminal statute rather than the career offender guideline, nor the split in the circuits has prompted this court to reconsider Fiore. See United States v. Rodriguez, 311 F.3d 435 (1st Cir. 2002); United States v. Chhien, 266 F.3d 1, 11 (1st Cir. 2001).

Thomas v. United States, No. 06-2153 (06/11/2007 Judgment).  This judgment was entered on June 11, 2007.  Giggey issued on December 22, 2008.  Thomas filed this 28 U.S.C. § 2255 motion on February 12, 2009.

*Recommended Disposition*

The United States' lead attack on this motion is that it qualifies as a second and successive motion under 28 U.S.C. § 2255(h) and Thomas has not obtained the necessary certification from the First Circuit to proceed.  The United States cites to Jamison v. United States, 244 F.3d 44 (1st Cir. 2001) in support of this argument.  In that case the First Circuit relied on Pratt v. United States, 129 F.3d 54 (1st Cir. 1997), indicating that the Pratt panel had

---

[2]   Apparently to buffer its current argument that this disposition was an adjudication of the merits and that the 2006 § 2255 motion counts as Thomas's first § 2255 motion -- making this pending § 2255 motion a second and successive -- the United States characterizes this memorandum as focusing on the legal standard applicable to the ineffective assistance of counsel claims and indicates that its consent to the reinstatement of the appeal was based on this authority.  (Gov't Mot. Summ. Dismissal at 3-4.)

"considered and rejected a similar claim that a first motion should not 'count' where it served merely to reinstate a direct appeal." Id. at 46.

Jamison's first § 2255 motion alleged "ineffective assistance of counsel on the basis of both his trial counsel's handling of the trial and his appellate counsel's failure to pursue the appeal." Id. at 45. The First Circuit noted that as to the trial attorney's performance, the "district court ultimately denied the section 2255 motion because factual allegations needed to support Jamison's complaints were unsworn, and, alternatively with respect to the trial-counsel claims, because those unsworn allegations did not show ineffective assistance at trial." Id. (citations omitted). On the other hand, in his first § 2255 motion, Pratt "alleged a violation of his Sixth Amendment right to the effective assistance of counsel premised on a claim that, despite repeated requests, his trial attorney had failed to perfect a timeous appeal of the conviction. Pratt did not aver, however, that his attorney's performance at trial was constitutionally defective." Pratt, 129 F.3d at 56.

Jamison added the following proviso: "Since then, the Supreme Court decided in Stewart v. Martinez-Villareal, 523 U.S. 637, 643-45 (1998), largely on policy grounds, to treat what was formally a second motion as if it were a first motion." Id. The Jamison Panel opined:

> Where a first motion is used to reinstate a direct appeal, reinstatement is unquestionably a grant of collateral relief on the merits and any later motion attacking the same conviction and sentence is, in ordinary usage, a second or successive motion. To discard Congress's literal language regarding the treatment of such motions is a step to be taken with great caution, especially where (as here) a strict reading accords with Congress's aim to restrict collateral attacks, see Sustache-Rivera v. United States, 221 F.3d 8, 13 (1st Cir.2000), cert. denied, 532 U.S. 924 (2001) (No. 00-6740). Still, as Stewart and prior habeas decisions teach, see, e.g., McCleskey v. Zant, 499 U.S. 467, 483-84 (1991), literal language is not everything, and some fine tuning may avoid unfairness without compromising Congress's basic aim.

Id. at 46. The Panel noted, "the key problem is a complex one: where the original motion seeks to reinstate a direct appeal <u>and also makes other substantial claims cognizable on habeas</u>, there is arguably a risk that the natural priority likely to be given to the reinstatement claim could lead the courts to give short shrift to, or otherwise prejudice treatment of, the remaining claims." Id. at 47 (emphasis added).

In this case the United States may have set forth the ineffective assistance of counsel standard in its pleading responding to the first § 2255 motion but its express consent to the reinstatement of Thomas's direct appeal meant that this Court did not have to wade into the <u>Strickland v. Washington</u>, 466 U.S. 668, 687-88 (1984) thicket. This distinguishes Thomas's cases from <u>Jamison</u>, in which the District Court denied relief on all claims and the First Circuit granted a certificate of appealability as to the alleged failure of his appellate counsel to pursue his original appeal.[3]

In my view this would be a case where the First Circuit would condone this court's fine tuning of the <u>Pratt</u>/<u>Jamison</u> rule to allow this § 2255 motion to proceed without prior certification as a second and successive. I reach this conclusion in great part because the relief granted on the initial 28 U.S.C. § 2255 motion was with the United States' express consent and did not require this Court's adjudication of the claim under <u>Strickland</u>. <u>See</u>, <u>e.g.</u>, <u>Stearns v. United States</u>, No. Civ. 05-104-P-C, CRIM. 01-101-P-C, 2005 WL 2218016, 1 (D. Me. Sept. 12, 2005)(recommended decision) (<u>aff'd</u> Doc. No. 5); <u>United States v. Stearns</u>, No. CR. 01-101PC, Civ. 03-92PC, 2003 WL 22056372, 1 (D.Me. July 24, 2003) (recommended decision), <u>aff'd</u>, 2003 WL 22063883.

---

[3] In <u>Pratt</u> the District Court entered the following order on his first § 2255 motion over two months after the filing of the motion: "The court finds that there has been a denial or infringement of the constitutional right of the petitioner to appeal his case. The petitioner shall be resentenced so that he can take a direct appeal to the 1st Circuit Court of Appeals." (Civ. No. 95-123-SM, Docket No. 2.)

5

Unfortunately for Thomas, although he is entitled to review of his claim without further ado, he is not entitled to relief. For in Giggey the First Circuit expressly noted:

> Our decision to change course affects only the procedure by which a district court calculates a defendant's sentence. It does not "prohibit criminal punishment for certain types of primary conduct" or "forbid the imposition of certain categories of punishment for a particular class of defendants" and so is not a retroactive substantive change in the law. Sepulveda v. United States, 330 F.3d 55, 59 (1st Cir.2003) (discussing the rule from Teague v. Lane, 489 U.S. 288, 109 S.Ct. 1060, 103 L.Ed.2d 334 (1989)). It also is not a "watershed" change in the law any more than United States v. Booker, 543 U.S. 220 (2005), which we held non-retroactive. Cirilo-Munoz v. United States, 404 F.3d 527, 532-33 (1st Cir.2005).

551 F.3d at 36 n. 3. Clearly, Thomas's direct appeal has become final and the First Circuit has already made it clear to District Courts that its "reverse course" holding does not apply retroactively to cases on collateral review. This conclusion binds this court even though Thomas fully preserved this claim from the time of his sentencing through his direct appeal and his legal argument has been vindicated by Giggey.[4]

## *Conclusion*

For the reasons set forth above, I recommend that the Court deny Thomas 28 U.S.C. § 2255 relief. I further recommend that a certificate of appealability should not issue in the event Thomas files a notice of appeal because there is no substantial showing of the denial of a constitutional right within the meaning of 28 U.S.C. § 2253(c)(2).

---

[4] The United States also makes a law of the case argument pointing out this same claim was adjudicated in Thomas's direct appeal. The First Circuit has acknowledged that it is necessary to analyze the potential retroactivity of cases when a § 2255 movant seeks the application of a new precedent to a case on collateral review. See e.g., Cirilo-Munoz v. United States, 404 F.3d 527, 532-33 (1st Cir.2005); Sepulveda v. United States, 330 F.3d 55, 59 (1st Cir.2003). The United States' position appears to be that a defendant who perseveres with a claim that is eventually recognized as meritorious subsequent to his direct appeal is barred from seeking further review of that claim whereas a defendant who did not previously raise the issue could seek collateral review (as was the case in Cirilo-Munoz, see United States v. Mangual-Corchado, 139 F.3d 34 (1st Cir. 1998), and Sepulveda, see United States v. Lara, 181 F.3d 183, 191 (1st Cir. 1999)). The First Circuit's conclusion that Giggey is not susceptible to retroactive application obviates the need to address this law of the case argument at length, but should a case arise in the future that is similarly postured, I draw the United States' attention to United States v. Hilton, 386 F.3d 13 (1st Cir. 2004).

## NOTICE

A party may file objections to those specified portions of a magistrate judge's report or proposed findings or recommended decisions entered pursuant to 28 U.S.C. § 636(b)(1)(B) for which *de novo* review by the district court is sought, together with a supporting memorandum, within ten (10) days of being served with a copy thereof. A responsive memorandum shall be filed within ten (10) days after the filing of the objection.

Failure to file a timely objection shall constitute a waiver of the right to *de novo* review by the district court and to appeal the district court's order.

April 28, 2009.

/s/Margaret J. Kravchuk
U.S. Magistrate Judge